UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick L. Booker, # 297590,<br><br>               Plaintiff,<br><br>v.<br><br>South Carolina Department of<br>Corrections; James Harrison,<br><br>               Defendants. | C/A No. 2:10-2247-HMH-RSC<br><br><br>REPORT AND RECOMMENDATION |

## BACKGROUND

On August 27, 2010, the Defendant South Carolina Department of Corrections ("SCDC") removed this case from the Court of Common Pleas for Greenville County, South Carolina. As of the date of removal, it appeared that Defendant James Harrison had not been served with a Summons and Complaint. On September 8, 2010, this Court entered an Order to advise the Plaintiff that this case had been removed to federal court and that the Plaintiff must inform this Court as to the status of service of process for Defendant Harrison. The Plaintiff did so notify the Court on September 23, 2010, by filing a Certificate of Service which indicates that Defendant Harrison was served with process on or about September 13, 2010.

## MOTION TO REMAND

After Plaintiff received notification that his case was removed to this court, Plaintiff filed a Motion to Remand this case on September 9, 2010. On September 15, 2010, Defendant SCDC filed a

1

Response in Opposition to the Motion for Remand. On September 23, 2010, Plaintiff filed a Reply to Defendant's Response. Thus, the Motion for Remand is ripe for disposition. The parties argue about whether the removal was timely and about the substance of whether this Court has subject matter jurisdiction over the case.

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts have held that the removal statutes are to be construed against removal jurisdiction and in favor of remand. *See Dixon v. Coburg Diary, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (noting that a remand to state court is necessary if federal jurisdiction is doubtful); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases). The burden of demonstrating jurisdiction resides with the party who seeks the removal. *Dixon*, 369 F.3d at 816. It is well settled that a Notice of Removal must be filed by a defendant within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. *See* 28 U.S.C. § 1446; *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979). If a plaintiff does not file

a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198-99 (4th Cir. 2008) (holding that the parties are given the right to police non-jurisdictional questions and a party may decide to waive a procedural defect and choose to remain in a federal forum). Of course, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no subject matter jurisdiction. *Id.* at 200.

## I. TIMELINESS OF REMOVAL

The issue before the Court is whether the federal nature of Plaintiff's claims was apparent from the initial Complaint. Defendant SCDC admits that it was served with the Summons and Complaint on or about June 14, 2010. Notice of Removal ¶ 1. SCDC answered Plaintiff's Complaint on July 30, 2010. *Id.* ¶ 2. On or about August 10, 2010, SCDC was served with Plaintiff's discovery requests. *Id.* Shortly thereafter, Plaintiff filed an Amended Complaint to add Defendant James Harrison as a party. *Id.* SCDC alleges that based upon the discovery requests and the Amended Complaint, it became clear that Plaintiff is bringing a § 1983 claim. *Id.* SCDC alleges that Plaintiff's causes of action were not clear upon the face of Plaintiff's Complaint.

In this case, there is no dispute that Plaintiff filed his motion to remand in a timely fashion so he did not waive any procedural defects in the removal. Therefore, if SCDC should have known from the initial Complaint that Plaintiff's claims arise from the United States Constitution or laws, then SCDC did not timely remove the action. Defendant SCDC argues that from the original Complaint, it could not determine the existence of federal question subject matter jurisdiction. After Plaintiff served an Amended Complaint and discovery requests upon SCDC on or about August 10, 2010, SCDC argues that it determined that Plaintiff was asserting a prison condition claim based upon deliberate indifference of SCDC officials which arises under constitutional law. Defendant alleges that it timely removed this action on August 27, 2010 within thirty days of August 10, 2010. Plaintiff argues that the original Complaint contained the same allegations against SCDC so Defendant SCDC's thirty days for removal began to run from the receipt of the original Complaint on or about June 14, 2010, and thus the August 27, 2010, removal was untimely.

A review of the Amended Complaint as compared to the Original Complaint shows that Plaintiff did not restate any claim against SCDC. In the Amended Complaint, Plaintiff stated, "Plaintiff hereby re-allege plead and do incorporate herein by reference the entire content of the originally filed verified complaint including, but not limited to, each and every material averment contained therein."

Notice of Removal, Ex. 1-2. Nothing new was alleged against SCDC in the Amended Complaint. It seems clear that Plaintiff intends the original Complaint, as incorporated into the Amended Complaint, to allege his claims against SCDC. The Amended Complaint added a claim against Defendant Harrison. The original complaint contained allegations that Harrison physically attacked Plaintiff due to Corporal Judy Irby's action of unlocking Plaintiff's cell door from the control room without Plaintiff's consent and after Plaintiff had informed Sgt. Reid that Harrison was planning to attack Plaintiff. Notice of Removal, Ex. 1-2. Plaintiff's initial Complaint alleged that he received a medical order for a bottom bunk due to his back pain but Lt. Bennett refused to comply with the medical order. Plaintiff alleges that due to his top bunk assignment he fell and was injured while attempting to climb into the bunk. Plaintiff alleges that his fall was a result of SCDC officials' refusal to follow Plaintiff's medical order or from SCDC officals' willful and wanton conduct of refusing to construct steps or a stepladder for top bunks. The initial Complaint further alleges that SCDC was grossly negligent and that it is liable pursuant to the South Carolina Tort Claims Act.

Plaintiff prepared a First Set of Interrogatories to SCDC. Notice of Removal, Ex. 1-3. Plaintiff also prepared a Request for Admissions to SCDC. Notice of Removal, Ex. 1-4. A review of the fifteen Interrogatory questions and the ten Requests for Admission

reveals that Plaintiff's theories of liability are based upon failure to protect him from an inmate assault where an SCDC official had knowledge of the threat and from SCDC's failure to tend to Plaintiff's medical need where an SCDC official knew of the medical need. This Court believes that both of those theories of liability were apparent from the four corners of the original Complaint. While the discovery requests may have helped to clarify Plaintiff's claims, he adequately set forth his claims in the original Complaint such that SCDC should have been aware that a federal question may be implicated and a basis for removable existed. *See Stewart v. Advantage Health Group, Inc.*, No. 8:06-0376-HMH-BHH, 2006 WL 2997054, *4 (D.S.C. 2006). A reasonable person should have known that within the initial Complaint Plaintiff was asserting claims based upon SCDC officials' deliberate indifference to Plaintiff's safety and health which may raise federal questions. *See Hawes v. Cart Products, Inc.*, 386 F. Supp. 2d 681, 684-85 (D.S.C. 2005) (explaining that objective knowledge determines whether a case is removable as initially filed). Therefore, this Court believes that Plaintiff's Motion to Remand should be granted because the case was untimely removed.

## II. SUBJECT MATTER JURISDICTION

Although the parties argue about whether the Amended Complaint raises a federal question or whether Plaintiff proceeds only under

state law, this Court does not address the issue because it believes that the removal was untimely.

                                                        _____
                                                        Robert S. Carr
                                                        United States Magistrate Judge

September 29, 2010
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).